**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50147 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00201-MWF-1 |
| v. | |
| ALAKE TERRY ILEGBAMEH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 5, 2016
Pasadena, California

Before: REINHARDT, WARDLAW, and OWENS, Circuit Judges.

Alake Terry Ilegbameh was convicted of six counts of conspiracy to commit

immigration fraud by arranging sham marriages between Nigerian nationals and

U.S. citizens in violation of 8 U.S.C. § 1325(c) (knowingly entering into marriage

for the purpose of evading immigration laws) and 18 U.S.C. § 1546(a) (presenting

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

material false statements in immigration documents).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm Ilegbameh's convictions and sentence.

1. The district court did not err in denying a possible request for substitution of counsel.  As an initial matter, it is not clear that Ilegbameh actually requested new counsel because he told the district court, "I did not say I need a change of attorney."  Even if Ilegbameh's letters to and discussion with the district judge are interpreted as a request for new counsel, Ilegbameh failed to make the requisite showing that the conflict between himself and counsel was "so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380 (9th Cir. 1991), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995).  Ilegbameh's statements that he wanted his attorneys to subpoena and call additional witnesses at trial supported the district judge's determination that the conflict between defendant and counsel was based on a dispute about "trial tactics," which generally "is not the type of conflict that warrants substitution of counsel." *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (citation omitted).

2. The district court did not err in denying a possible request for continuance less than a week before trial began.  Ilegbameh failed to demonstrate that a continuance would have likely resulted in finding additional Nigerian

spouses to testify in his defense or that such testimony would have assisted with his defense. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (listing among the four "salient factors" when reviewing a denial of request for continuance "how likely it is that the need for a continuance could have been met" and "the extent to which the appellant might have suffered harm as a result of the district court's denial").

3. The district court did not err in admitting evidence of Ilegbameh's other "bad acts." First, evidence that Ilegbameh arranged fraudulent marriages for Hakim and Michael Carter without the assistance of any co-conspirator was admissible to prove intent and knowledge and rebut Ilegbameh's defense that he did not know the marriages were shams and his uncharged co-conspirator Crayvon Charles was the only person knowingly facilitating immigration fraud. Second, evidence that Ilegbameh propositioned one of the American spouses for sex in exchange for money was admissible to undermine Ilegbameh's contention that he believed the marriages he arranged were entered into purely for love and because the witness's testimony was inextricably intertwined with her testimony that Ilegbameh told her that he received payment for setting up sham marriages. Third, testimony regarding an additional sham marriage arranged for Michael Muoneke was elicited by defense counsel. Because the evidence introduced by the

3

government leaves little room for doubt as to Ilegbameh's guilt, even if the district court had erred in any of its evidentiary decisions, such error would be harmless.

4.  The district court did not err in applying U.S.S.G. § 2L2.1 rather than U.S.S.G. § 2L2.2.  Because Ilegbameh was found guilty of conspiring with both the American and Nigerian spouses, it was appropriate to sentence him using either guideline.

For all of the above stated reasons, the verdict of the district court is

**AFFIRMED.**